UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PETRO STAR, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:10-cv-4525 |
| | § | |
| SAMSHIN, LIMITED, *et al*, | § § § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Petro Star, Inc.'s ("Plaintiff" or "Petro Star") Motion to Remand. (Doc. No. 6.) Having considered the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Petro Star's Motion to Remand should be granted.

**I.    BACKGROUND**

Petro Star is an Alaska Corporation that owns and operates an oil refinery in Valdez, Alaska ("the Valdez Refinery"). Petro Star alleges that a fire caused by a defective drain valve erupted in the Valdez Refinery in 2008, causing more than $50,000,000 in property damage, lost profits, business interruption, and other damages. Petro Star sued various companies that it believed may have been responsible for manufacturing the allegedly defective valve in the 164th Judicial District for the District Court of Harris County, Texas.

Specifically, Petro Star sued: 1) Samshin Limited ("Samshin"), alleging that the company is a South Korean Corporation with its principal place of business in South Korea; 2) Newco Valves, LLC (individually and as successor in interest to Newco Valves, LP) ("Newco"), alleging that the company is a Texas Corporation with its

principal place of business in Texas; 3) Precision Castparts Corp ("PCC"), alleging that the company is an Oregon Corporation with its principal place of business in Oregon; and, 4) PCC Flow Technologies Holdings, Inc. (individually and as successor in interest to PCC Flow Technologies, Inc.) ("PCC Flow"), alleging that the company is a Delaware Corporation with its principal place of business in Texas. Petro Star brought claims of Negligence, Breach of Implied Warranty, and Products Liability against all of the defendants.

PCC and PCC Flow (collectively, "Removing Defendants") timely removed the case, invoking the federal court's diversity jurisdiction. (Doc. No. 1.) In their Notice of Removal, Removing Defendants argue that there is complete diversity between Petro Star and all of the defendants and that the amount in controversy exceeds $75,000. Additionally, Removing Defendants argue that the forum defendant rule codified in 28 U.S.C. § 1441(b) does not preclude removal of this case because, they contend, PCC Flow's principal place of business is Oregon, not Texas, as Petro Star alleged. Further, they argue that, although Newco is a citizen of Texas, its citizenship should not be considered because it was improperly joined in this matter.

Petro Star timely filed the instant Motion to Remand, arguing that two properly joined defendants are, indeed, citizens of Texas and the forum defendant rule, therefore, prevents the case's removal to federal court. Moreover, Petro Star argues, prior to removal, Removing Defendants did not obtain the consent of all of the properly joined and served defendants as required by the removal statute. Indeed, it contends, neither Samshin's nor Newco's consent was obtained before Removing Defendants removed the case.

The Court will address Petro Star's argument that the forum defendant rule requires remand because PCC Flow is a Texas citizen. The Court agrees with Petro Star that the Removing Defendants have not met their burden of establishing that the forum defendant rule does not preclude removal and remand is, therefore, required. It is unnecessary for the Court to reach Petro Star's remaining grounds for remand.

## II.   LEGAL STANDARD

The removal statute, 28 U.S.C. § 1441(a), provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Federal courts have original jurisdiction over any civil action "where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1194-1995 (2010). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Indeed, "[c]ontested issues of material fact, and any ambiguity or uncertainty in the controlling state law, are resolved in the plaintiff's favor." *Cantor v. Wachovia Mortg., FSB*, 641 F.Supp.2d 602, 606 (N.D. Tex. 2009) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

3

For purposes of federal court diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has interpreted the term "principal place of business" to mean "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S.Ct. at 1192. This location, often referred to as the corporation's "nerve center" "should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

Pursuant to the forum defendant rule of 28 U.S.C. § 1441(b), even if diversity jurisdiction exists, an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). In sum, if any of the defendants to an action is either incorporated or has its principal place of business in the forum state, removal is improper and the case should be remanded.

### III. ANALYSIS

In this case, Petro Star has presented evidence that PCC Flow is a Texas citizen, which would preclude removal under 28 U.S.C. § 1441(b). Specifically, Petro Star has pointed the Court to PCC Flow's 2009 Texas Franchise Tax Public Information Report ("Public Information Report"), which lists PCC Flow's principal place of business as

4

located at 16801 Greenspoint Park Drive #355, Houston, Texas 77060. In addition, Petro Star notes, PCC Flow's registered agent and registered office of entity are located in Texas and are on file with the Secretary of State of Texas. Petro Star argues that Texas Tax Code § 171.203 requires companies to file a Public Information Report annually with the Texas State Comptroller that is executed and filed with a formal signature of a corporate officer and discloses specific facts to the public. Texas Tax Code § 171.203(5) requires every corporation, as part of its Public Information Report, to disclose the address of its principal place of business. Petro Star argues that PCC Flow's 2009 Public Information Report, which lists Texas as the state of its principal place of business, demonstrates that PCC Flow is a Texas citizen and, accordingly, removal of the instant case was improper under the forum defendant rule.

In its notice of removal, without providing evidence, Removing Defendants state that PCC Flow's principal place of business is not in Texas. Along with its response to Plaintiff's Motion to Remand, however, Removing Defendants attached evidence that PCC Flow's principal place of business is located in Oregon where the company allegedly maintains its books, financial records, and remaining assets.

The question before the Court is whether the conflicting evidence of PCC Flow's citizenship requires that the case be remanded. The Court concludes that it does. Indeed, any contested issues of material fact or doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. In this case, the Court is troubled by the contradictory evidence relating to PCC Flow's principal place of business. Indeed, for the 2009 reporting period, the most recent available, PCC Flow's Vice President of Taxes signed and filed a Public Information Report affirming that the company's

principal place of business is located in Houston, Texas. PCC Flow now asserts that the address its Vice President of Taxes listed is no longer correct; indeed, it was not even correct, PCC Flow contends, when he certified that the information was true and correct to the best of his knowledge and belief.

The Court is convinced that PCC Flow has not carried its burden of proving that removal was appropriate in this case. Resolving all doubts against removal, as the Court is required to do, the case must be remanded.

## IV. CONCLUSION

Because Removing Defendants have failed to establish that removal was appropriate under the forum defendant rule, Petro Star's Motion to Remand (Doc. No. 6) is **GRANTED**. This action is hereby **REMANDED** to the 164th Judicial District of Harris County, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the ___ day of May, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

6